UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEN SCOTT                                    CIVIL ACTION

VERSUS                                       NUMBER: 07-1161

DAVID MOAK, ET AL.                           SECTION: "A"(5)

## ORDER

Presently before the Court is a motion for temporary restraining order and/or preliminary injunction filed by plaintiff herein. (Rec. doc. 4).  For the following reasons, said motion is DENIED, insofar as it requests a transfer to the Louisiana State Prison at Angola.  However, a protective order is GRANTED to plaintiff as set forth hereinafter.

Plaintiff has instituted suit on the standard form utilized by inmates for voicing complaints pursuant to 42 U.S.C. §1983.  That complaint was tendered to the Court in late February, 2007. Plaintiff's request for injunctive relief was lodged at approximately the same time as the filing of the complaint.  The gravamen of plaintiff's concerns with jail personnel as stated in

his complaint centers around an alleged incident of excessive use of force which occurred on November 21, 2006. (Rec. doc. 1).  In his motion for temporary restraining order and/or preliminary injunction, plaintiff references a second incident of alleged excessive use of force on December 28, 2006 and an incident of a verbal threat occurring on December 9, 2006.  In the motion for injunctive relief, plaintiff expresses fear of bodily harm and seeks a transfer back to the Louisiana State Penitentiary at Angola.

In connection with the pending motion, the Court held a preliminary conference with plaintiff, the results of which have been perpetuated in a minute entry of November 25, 2007.  (Rec. doc. 35).  At this conference, plaintiff did not mention fear of physical injury but rather told the Court about a recent shakedown of his cell which he felt was retaliatory in nature.  He also complained that he was currently in an isolation unit because of a write up for aggravated disobedience and defiance.  In the isolation unit he was deprived of his mattress for 16 hours per day and advised that this was causing an exacerbation of pain in his lower back, stemming from a ruptured disc. It was plaintiff's argument that lying on a metallic bunk without a mattress was unnecessarily causing him discomfort.

Plaintiff's medical records document that he suffers from disc problems in his back.  Neurontin and a back brace have been

prescribed for his use.  Following the conference, the Court ordered the Warden of Rayburn Correctional Center to present plaintiff to the doctor at the facility for purposes of opining on whether plaintiff should be given a mattress on a 24 hour basis due to the condition of his back.  As a result of that examination, plaintiff was immediately admitted to the infirmary, effectively mooting the issue of whether he needed a mattress because at that point, he, indeed, had one 24 hours per day.

The doctor who examined plaintiff pursuant to the Court's order rendered the following report on December 3, 2007 as to plaintiff's condition:

> Inmate Ben Scott was observed on the security monitor again today.  He was resting on his bed with a mattress and appeared in no distress.
>
> I also observed this inmate on the security monitor last week on 11/27/2007.  He was standing and turning without difficulty.  I also noted him bending over the lavatory.
>
> My examination on 11/27/2007 did not suggest that it would be detrimental to his health to be without a mattress during the day. Mattress was withheld for disciplinary reasons.  Inmate Scott however was permitted during this time to have his donut cushion that he could sit on during the day.
>
> Inmate does have focal protrusion of disc at L3-4 and L4-5 disc spaces.  This certainly can cause discomfort.  However, I have observed and examined this inmate and do not feel his medical condition warrants over-ruling

> disciplinary protocol.  Currently he is taking
> muscle     relaxants,     anti-inflammatory
> medications  and  Neurontin  for  neuropathic
> pain.

Plaintiff's medical records reflect that he was admitted to the infirmary for treatment on November 27, 2007 because his blood pressure was excessively high, being 190/130 at that time.  It was noted that plaintiff had hypertension which was not well controlled.  There is also a suggestion in those medical records that plaintiff's agitation over not having the mattress while in isolation was contributing to the blood pressure problem.

In reviewing plaintiff's complete medical records, the Court notes that those document reflect plaintiff's allegations of excessive use of force by guards in November and December, 2007.  But since that time, there do not appear to be any other incidents reflecting excessive use of force by anyone toward plaintiff.  Nor has plaintiff contended that anyone has physically abused him since that time.

Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance.  Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 808 (5th Cir. 1989), appeal after remand, 915 F.2d 1567 (5th Cir. 1990).  In his original motion plaintiff expresses fear that additional incidents of brutality will occur if defendants are not restrained, based

upon two incidents which occurred well over a year prior to now. Although plaintiff's fear may be legitimate, fear alone is insufficient to warrant the issuance of injunctive relief. The jurisprudence of this Circuit reflects that speculative injury is not sufficient to justify the issuance of a temporary restraining order or preliminary injunction. Indeed, an injunction is not appropriate when it is used to prevent the "possibility of some remote future injury." Rather, a presently existing actual threat must be shown to warrant injunctive relief. U.S. v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001), cert. denied, 536 U.S. 907, 122 S.Ct. 2362 (2002).

As was noted by the Fifth Circuit in Valley v. Rapides Parish School Board, 118 F.3d 1047 (5th Cir. 1997), "[u]nder well settled Fifth Circuit precedent, a preliminary injunction is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." Id. at p. 1051. In light of the fact that so much time has elapsed between the incidents of alleged violence to plaintiff with no additional incidents noted in his medical records, the

Court does not believe that plaintiff can establish a substantial threat of irreparable harm.  Further, the Court believes that the relief which plaintiff seeks herein, i.e., transfer back to the Louisiana State Penitentiary at Angola, may undermine the public interest.  Plaintiff does not have a Fourteenth Amendment liberty interest in being imprisoned at any particular state penal institution even if life in the alternate institution is much more disagreeable.  <u>Maddox v. Thomas</u>, 671 F.2d 949 (5th Cir. 1982).

However, the Court is concerned with regard to plaintiff's medical condition which was characterized in his medical records as hypertension which was not under good control and disc problems in his lower back.  The Court grants plaintiff a protective order for purposes of dealing with this problem in the following respect:

> The physician in charge of the medical program at Rayburn Correctional Center is ordered to develop a chronic care program for purposes of dealing with medical issues from which Ben Henry Scott suffers, including, but not limited to, his hypertension and back problems.
>
> Said program shall include regular visits to the infirmary, without plaintiff's having to implement sick call forms requesting services, in order to document the condition of his hypertension and back.
>
> Said chronic care plan shall be reduced to writing and forwarded to the Court on or before February 17, 2008.
>
> Proof documenting compliance with the chronic

6

care program shall be forwarded to the Court
at three month intervals so long as plaintiff
remains incarcerated at Rayburn Correctional
Center.

The Warden of Rayburn Correctional Center and
his staff are ordered to facilitate the
implementation of this chronic care plan.

A separate order incorporating the terms of the protective

order will issue herein immediately.

New Orleans, Louisiana, this _7th_ day of ___February___, 2008.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE