UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEN HENRY SCOTT                                    CIVIL ACTION

VERSUS                                             NUMBER: 07-1161
                                                   c/w 07-2976

DAVID MOAK, ET AL.                                 SECTION: "A"(5)

## REPORT AND RECOMMENDATION

Presently before the Court is the motion to dismiss of defendant, William Rigdon. (Rec. doc. 110). For the reasons that follow, it is recommended that the motion be granted.

As represented in the present motion and in the suggestion of death that was previously filed in this matter on his behalf, defendant Rigdon passed away December 4, 2009 due to natural causes. (Rec. docs. 110, 106). The suggestion of death was filed on January 21, 2011 and no motion has been filed seeking to substitute Rigdon's estate as the proper party in this matter.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> ***Substitution if the Claim is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As noted above, the suggestion of death as to defendant Rigdon was filed on January 21, 2011, no motion to substitute has been filed since that time, and over ninety days have now passed. According to the clear terms of Rule 25(a)(1), plaintiff's claims against him must be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendant's motion to dismiss be granted and that plaintiff's claims against him be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  12th  day of _____May_____, 2011.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE